IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Laird T. Milburn

Civil Action No. 09-cv-00410-JLK-LTM

TELLURIDE REGIONAL AIRPORT AUTHORITY,

    Plaintiff,

vs.

AMERICAN SHELTER TECHNOLOGIES, INC., an Illinois corporation,
C & H ENTERPRISE, INC., a Tennessee corporation,

    Defendants.

---

## REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE REMANDING CASE TO STATE COURT

---

This matter came before the Court on December 29, 2009 by Order of Reference from District Judge John L. Kane.

The Plaintiff Telluride Regional Airport Authority (TRAA), by its attorney, John H. Steel and pursuant to F.R.C.P. 12(b)(1) and 28 U.S.C. § 1447(c) has moved this Court for an order remanding this case to the Colorado District Court for San Miguel County, on the basis that this Court lacks subject matter jurisdiction in that the amount in controversy has not be established by the removing party, Defendant American Shelter Technologies, Inc. (ASTI) to exceed $75,000.00.

## I. PROCEDURAL HISTORY

On February 26, 2009 TRAA initiated this suit for breach of contract and breach of

warranty against ASTI regarding the purchase of 2 steel structures, one to cover steel storage tanks, and the other to shelter the trucks used to deliver fuel to aircraft at its airport. TRAA, in its complaint, alleges it was able erect the first structure but not the second because of defects in the manufacture of that structure by ASTI.

On the same date that Plaintiff filed its complaint in the San Miguel District Court Defendant filed a notice of removal in this Court (docket # 1), alleging jurisdiction in the United States District Court on the basis of diversity of citizenship, (TRAA) being a political subdivision of the State of Colorado and ASTI an Illinois corporation, and stating that the amount in controversy exceeded $75,000, which allegation was solely based upon a recitation in Plaintiff's civil cover sheet, filed with the complaint in the San Miguel County District Court, which recited that the matter in controversy exceeded $75,000.

On December 23, 2009 Defendant ASTI moved for partial summary judgment to establish that TRAA's damages in this action against ASTI are limited to a total sum of no greater than $44,971.20, and attached as an exhibit a copy of the parties contract that, in part, contains a provision that disallows consequential damages arising from a breach of the parties contract. Differently put, ASTI's motion for summary judgment alleges that the terms and conditions of the contract contain an express limitation of liability clause that unequivocally states that ASTI's liability to TRAA is limited to the amount of the purchase price of the allegedly defective structure, i.e., $44,971.20.

On December 29, 2009, six days after ASTI filed its motion for partial summary judgment, TRAA filed the subject cross motion for remand of this case to the Colorado District Court in San Miguel, Colorado, asserting that ASTI's reliance on Plaintiff's state file cover sheet

asserting Plaintiff was seeking a monetary judgment of more than $100,000, as being legally insufficient to establish diversity jurisdiction. In its motion TRAA argues (1) that it is well established that in the Tenth Circuit a party seeking removal of a case from state court to federal court has the burden of proving that such jurisdiction exists, (2) that ASTI as the party invoking federal jurisdiction has the burden of demonstrating by a preponderance of the evidence that the amount in controversy is in excess of $75,000, (3) that ASTI is not entitled to rely upon recitations in Plaintiff's state file civil cover sheet to establish that there is a requisite amount in controversy, (4) and that in removing the case to federal court, ASTI acted in bad faith, because it knew or should have known of the damage limiting provisions of the parties contract.

For the reasons stated below, I recommend that the Plaintiff's cross motion to remand this case to state court be **GRANTED**.

## II. STANDARD OF REVIEW UNDER 28 U.S.C. § 1441(a)

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. In this circuit, Courts are "rigorously (to) enforce congresses' intent to restrict federal jurisdiction in controversies between citizens of different states." *Martin v. Franklin Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). "There is a presumption against removal jurisdiction," *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995, *see Franklin*, 251 F.3d 1289, so that all doubts are resolved in favor of remand. "*Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Further, in a removal case, the removing defendant has a burden of establishing that the jurisdictional prerequisites of section

1332, specifically including the amount in controversy requirement, had been satisfied. *Id.* *Franklin*, 251 F.3d at 1290. When the Plaintiff's damages are unspecified, the Defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.*

### III. ANALYSIS

In its complaint, Plaintiff did not request any particular monetary relief. In its notice of removal ASTI contends that the requisite amount in controversy can be inferred from the Plaintiff's election into mandatory Colorado Civil Cover Sheet stating: "This party is seeking a monetary judgment for more than $100,000 against another party, including any attorneys' fee, penalties for punitive damages, but excluding interest and costs." This Court previously addressed the significance of the election of a non-simplified procedure under the Colorado Rules of Civil Procedure made in the state court Civil Cover Sheet. In accordance with the analysis set forth in *Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208 (D.Colo. 2007), such an election does not demonstrate the requisite amount in controversy to establish diversity jurisdiction.

The Tenth Circuit has also addressed this issue in *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008). There, the court was asked to determine whether the Defendant had demonstrated that the amount in controversy exceeded $75,000 for purposes of diversity jurisdiction. In addressing the issue, the Court characterized applicable law governing the determination of the amount in controversy as "odd set of rules". The Court recognized that although a Plaintiff who commences an action in federal court need only make a general or conclusory allegations that the amount in controversy exceeds $75,000, a Defendant who seeks

to remove a case from a state court must "prove jurisdictional facts by a preponderance of the evidence." *Id.* at 952-53. With regard to such "proof", the Court noted that there is little "evidence" which can be presented at the time of removal. Indeed, in determining the amount in controversy, and in light of the presumption against removal, a court is limited to facts alleged in the complaint or presented within the notice of removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Here, ASTI offers only the allegations in the complaint and the civil cover sheet, no additional facts are stated in notice of removal.

As noted above, ASTI's response to TRAA's cross motion to remand this case to state court points to section 4 of the stipulated scheduling and discovery order filed by ASTI and TRAA, and entered by the Court on June 15, 2009 (docket # 26), wherein TRAA stated it was claiming damages in the amount $221,488 in this case, and relies upon the language in *McPhail* holding that beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy for purposes of diversity jurisdiction, such as reliance on interrogatories, admissions, Plaintiff's informal estimates for settlement damages, etc., at page 8. Based on that fact, ASTI has asked the Court for leave to amend its notice of removal to allow ASTI to set forth in an amended Notice of Removal the $221,488 in damages TRAA alleges as its damages in the stipulated scheduling and discovery order. However, in *Watson v. Blankinship*, 20 F.3d 383 (10th Cir. 1994) the Court held that for the purpose of establishing subject matter jurisdiction based upon the amount in controversy, a party must have a *good faith belief* that amount in controversy requirement is met. Here, ASTI, in its motion for partial summary judgment, points to a provision in the parties contract which limits TRAAs damages to the contract amount for the purchase price of the second building, in the amount of $44,971.20, a

fact which ASTI either knew or should have known, at the time it filed its Notice of Removal, and which it failed to mention. Therefore, this Court cannot find that ASTI acted in good faith when it filed the Notice of Removal, or that its acting in good faith in opposing Plaintiff's motion to remand this case to state court. ASTI has offered no legitimate justification for its delay in disclosing or asserting this defense based upon the damage limiting language contained in the parties contract, which it now asserts is the basis for the partial summary judgment. ASTI can not have it both ways.

## IV. CONCLUSION

**I respectfully recommend** that Plaintiff's Motion to Remand this Case to State Court be **GRANTED**, and that Defendants' Motion for Leave to Amend its Notice of Removal be **DENIED.** With this ruling this Court lacks jurisdiction to rule on Defendant's Motion for Partial Summary Judgment.

**FURTHER, IT IS ORDERED** that pursuant to 28 U.S.C. § 636(b)(3)(c) and F.R.C.P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific written objections. Parties failure to serve and file specific, written objections waives *de novo* review of the recommendation by the Magistrate Judge, and also waives appellate review of both factual and legal questions. In re *Key Energy Resources, Inc.* 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A parties' objection to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED this 22nd day of March, 2010.

BY THE COURT:

_____
Laird T. Milburn
U.S. Magistrate Judge