IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Laird T. Milburn

Civil Action No. 09-cv-00410-JLK-LTM

TELLURIDE REGIONAL AIRPORT AUTHORITY,

    Plaintiff,

vs.

AMERICAN SHELTER TECHNOLOGIES, INC., an Illinois corporation,
C & H ENTERPRISE, INC., a Tennessee corporation,

    Defendants.

---

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE:
ENTRY OF DEFAULT JUDGMENT AND
WITHDRAWAL OF DEFAULT JUDGEMENT BY MAGISTRATE JUDGE**

---

This case was assigned to this Court on March 17, 2009 by Order of Reference from District Judge John L. Kane.

The Plaintiff Telluride Regional Airport Authority (TRAA) filed a motion for default judgment (docket # 30) on July 28, 2009 against Defendant C & H Enterprise, Inc., pursuant to Fed.R.Civ.P. 55(b)(2) after entry of default by the clerk (docket # 32) dated August 13, 2009. The motion for judgment by default is based upon the affidavits of John H. Steel, Esq., attorney for the Movant, and Richard Nuttall, General Manager of the Plaintiff, attached thereto. This Court erroneously entered a Default Judgment (docket # 45) on September 30, 2009. Therefore, that Order is being hereby vacated and in its place is substituted this Report and Recommendation.

## I. PROCEDURAL HISTORY

On February 26, 2009 Telluride Regional Airport Authority (TRAA) initiated this suit for breach of contract and breach of warranty against American Shelter Technologies, Inc. (ASTI) regarding the purchase of 2 steel structures, one to cover steel storage tanks, and the other to shelter the trucks used to deliver fuel to aircraft at its airport near Telluride, Colorado. Earlier, on February 9, 2009 the complaint in the above-captioned action was served on Raymond Harris, a principal owner, officer and director of Defendant C & H Enterprise, Inc. (C&H). Therefore, the date by which C&H had to plead or otherwise defend was March 11, 2009. No appearance has been entered on behalf of C&H as of this date. Furthermore, Defendant C&H has failed to plead or otherwise defend to as of this date. Therefore, the clerk entered a Default (docket # 32) on August 3, 2009 pursuant to the instant motion, determining that Defendant C&H has failed to file a pleading or otherwise defend, thus entering Default pursuant to Fed.R.Civ.P. 55(a).

Plaintiff's Motion seeks liquidated damages in the amount of $12,345.00, but does not request costs against C&H.

## II. STANDARD OF REVIEW UNDER FED.R.CIV.P. 55(a)

Federal Rule of Civil Procedure, Rule 55(b)(2) allows entry of default judgment by the Court upon application by a party seeking same, but does not require notice to the party against whom a default judgment is sought unless that party has appeared personally. The Court may conduct hearings, conduct an accounting, determine the amount or the damages, or establish the

truth of any allegations by evidence, or investigate any other matter.

## III. ANALYSIS

In its Motion for Judgment by Default TRAA asserts by affidavit through its attorney, John H. Steel, Esq., that on February 9, 2009 the complaint in this case was served on Raymond Harris, principal owner, officer and director of Defendant C&H, and the date that C&H had to plead or otherwise defend was March 11, 2009; and that no appearance has been entered on behalf of Defendant C&H. The clerk of this court on August 3, 2009 entered default against C&H after determining C&H had failed to file a pleading or otherwise defend, thereby entering default pursuant to Fed.R.Civ.P. 55(a).

Attached to TRAA's Motion for Judgement by Default is an additional affidavit of service on Raymond Harris (Exhibit A to the Steel affidavit) and the affidavit of Richard Nuttall dated July 27, 2009, which asserts that Mr. Nuttall is a General Manager of TRAA and that the amount of damages attributed solely to Defendant C&H's failure to properly erect the truck shelter building is $12,345.00.

## IV. CONCLUSION

**I respectfully recommend** that in the event the District Court decides to retain jurisdiction of this case, contrary to the Report and Recommendation made by the Magistrate Judge (docket # 76) dated April 12, 2010 recommending this case be remanded to state court of San Miguel County, that Plaintiff's Motion for Entry of Default Judgment be **GRANTED**, and

that TRAA have judgment against C&H in the amount of $12,345.00, with interest as allowed by law.

**IT IS ORDERED** that this Court's entry of Default Judgment (docket # 45), dated September 30, 2009 is hereby **VACATED**.

**FURTHER, IT IS ORDERED** that pursuant to 28 U.S.C. § 636(b)(3) and F.R.C.P. 72(b), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections. Parties failure to serve and file specific, written objections waives *de novo* review of the recommendation by the Magistrate Judge, and also waives appellate review of both factual and legal questions. In re *Key Energy Resources, Inc.* 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A parties' objection to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED this 25th day of May, 2010.

BY THE COURT:

Laird T. Milburn
U.S. Magistrate Judge