IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **09-cv-410-JLK-LTM**

**TELLURIDE REGIONAL AIRPORT AUTHORITY**

    Plaintiff,

v.

**AMERICAN SHELTER TECHN., INC. et al.,**

    Defendant.

---

ORDER ON OBJECTION (Doc. 75) TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION

---

KANE, J.

This matter is before me on an Objection (Doc. 75) to the Magistrate Judge's March 22, 2010 Report and Recommendation that Plaintiff's Motion to Remand its claims to state court be granted. The recommendation hinged on the Magistrate Judge's determination that Defendant lacked a "good faith belief" when it filed its original Notice of Removal that the amount in controversy exceeded $75,000 given its later assertion in a Motion for Partial Summary Judgment that Plaintiff's damages are limited by contract to $44,971.20. While I agree with the Magistrate Judge that Defendant is attempting to "have it both ways" (Recommendation at 6), Defendant's assertion of a jurisdictionally-incompatible legal argument does not divest a federal court of jurisdiction it otherwise has or compel, without more, the granting of Plaintiff's Motion for Remand. It is important to note that Plaintiff *denies* its damages are limited and has maintained throughout this litigation that it is seeking and entitled to recover $221,488 from

1

Defendant. Plaintiff's effort under these circumstances to deprive Defendant of the federal forum Plaintiff's own view of the facts itself smacks of wanting to "have it both ways" and is unpersuasive.

The question presented is whether federal removal jurisdiction exists or not under 28 U.S.C. § 1332. While Defendant's original Notice may have been defective in its exclusive reliance on Plaintiff's state Civil Case Cover Sheet to establish the existence of the $75,000 amount in controversy, neither the Plaintiff nor the district judge originally assigned to the case moved to remand it on that basis and since then, the record has evolved to cure the deficiency. Because a remand at this juncture based on the faulty original Notice would be futile given that federal diversity jurisdiction exists, I DECLINE to adopt the Magistrate Judge's Recommendation and DENY Plaintiff's Motion for Remand. Defendant's Motion to Amend its Notice of Removal (Doc. 65) is DENIED as MOOT.

## I. Facts and Procedural Background.

This case arises out of a disputed 2007 contract between Telluride Regional Airport Authority (TRAA), a political subdivision of the State of Colorado, and American Shelter Technologies, Inc. (ASTI), an Illinois corporation, for the purchase of two steel storage tanks. On February 26, 2009, TRAA filed suit against ASTI in San Miguel County District Court for breach of contract and breach of warranty, alleging it was unable to erect the second tank because of defects in the manufacture of that structure by ASTI. On the same date TRAA filed its state court complaint, ASTI filed its Notice of Removal (Doc. 1).

In its Notice, ASTI asserted federal jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a), but supported its factual allegation that the amount in controversy

exceeded $75,000 solely by reference to TRAA's state civil case cover sheet (and TRAA's checking of the box indicating that Simplified Procedure under C.R.C.P. Rule 16.1 did not apply because TRAA was seeking a monetary judgment of more than $100,000), and TRAA's state court complaint. TRAA's complaint did not quantify TRAA's loss and did not specify an amount of damages being sought.

After the case was reassigned to me in March 2009, I referred it, as is my practice for cases originating in and involving property on the Western Slope of Colorado, to a magistrate judge located there. The case proceeded, and on June 15, 2009, the parties entered into a stipulated Scheduling Order in which Plaintiff calculated its damages in this case at $221,488. *See* Scheduling Order (Doc. 26) at 5. On December 23, 2009, after the close of discovery, ASTI filed a Motion for Partial Summary Judgment (Doc. 57) invoking a damages limitation provision in the parties' contract to argue TRAA's damages are limited to a total sum of no greater than $44,971.20.

Rather than respond to ASTI's Motion, TRAA filed a Cross-Motion for Remand (Doc. 59), asserting ASTI's damages limitation argument demonstrated it had filed its Notice of Removal lacking any good faith belief that the amount in controversy exceeded $75,000. ASTI responded by citing the parties' Stipulated Scheduling and Discovery Order, in which TRAA calculated its damages in the amount of $221, 488, arguing the calculation constituted legally sufficient evidence to confirm beyond TRAA's civil cover sheet that the amount in controversy exceeds $75,000. In the alternative, ASTI moved to amend its Notice of Removal (Doc. 65) specifically to incorporate by reference TRAA's representations in the Stipulated Scheduling and Discovery Order.

Magistrate Judge Milburn considered the Motions pursuant to the Order of Reference and issued a Report and Recommendation in accordance with Rule 72(b) Fed. R. Civ. P. (Doc. 74). Agreeing with TRAA, the magistrate judge recommended the case be remanded and that leave to ament be denied. ASTI having objected to the Magistrate Judge's Report and Recommendation (Doc. 75), this matter comes before me for *de novo* review under Rule 72(b)(3), whereupon I may accept, reject, or modify the recommended disposition, receive further evidence or return the matter to the magistrate judge with instructions.

## II. Discussion.

### A. Removal Jurisdiction.

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. In this circuit, courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)). In a removal case, the removing defendant has the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied. *Franklin*, 251 F.3d at 1290.

Addressing what proof will suffice to shoulder this burden, Judge Krieger of this court held in *Baker v. Sears Holding Corp.*, 557 F. Supp.2d 1208 (D.Colo. 2007) that jurisdiction does not lie where a removing defendant relies *solely* on a plaintiff's state file cover sheet and there is

4

nothing further in the court's record that offers additional facts to establish the amount in controversy. Where, however, there is evidence supporting jurisdiction beyond the amount in controversy box on the state file cover sheet, that evidence may be used by the court to assess proper jurisdiction.

When the notice of removal or *other portions of the record* contain enough information to allow the district court to make a judgment as to the amount in controversy, the district court should do so. 14C Wright and Miller, *Federal Practice and Procedure* § 3725.1, at 66 (4th ed. 2009) (footnotes omitted, emphasis added). *See also Baker,* 577 F. Supp. 2d at 1215 (looking to parties' responses to an Order to Show Cause for evidence of the amount in controversy where removing defendant's Notice of Removal refers only to state civil case cover sheet,); *Boehmer v. State Farm Fire & Cas. Co.*, No. 09-cv-318-JHP, 2009 U.S. Dist. LEXIS 105272 (E.D. Okla. Nov. 10, 2008) (using post-removal deposition of plaintiff to establish the amount in controversy)**;** *Valdez v. Byers*, No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086 (D. Colo. May 20, 2009) (considering settlement offer together with state civil cover sheet to establish the amount in controversy).

Further addressing a removing defendant's burden, the Tenth Circuit recently clarified that "the 'preponderance of the evidence' standard applies to jurisdictional facts, not jurisdiction itself." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). That is, a legal conclusion that the statutory threshold amount is in controversy need not be proven. *Id*. Rather, what a defendant must affirmatively prove are jurisdictional *facts* that make it *possible* that $75,000 is in play. *Id.* (emphasis original).

Here, ASTI relies on TRAA's Civil Case Cover Sheet and TRAA's $221,488 damage

calculation in the Stipulated Scheduling Order to establish the jurisdictional prerequisite that more than $75,000 is at stake in this litigation. Together, these documents are sufficient to establish by a preponderance of the evidence that the jurisdictional amount in controversy exists in this case.

*B. Remand to State Court.*

The Supreme Court has held the following standard to govern remand: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co v. Red Cab Co.* 303, U.S. 283, 288-289 (1938). Once a defendant proves the requisite jurisdictional facts, the case stays in federal court unless it is "legally certain" that the controversy is worth less than the jurisdictional minimum. *McPhail,* 529 F.3d at 954.

Satisfaction of the amount in controversy requirement, however, is not dependent upon the amount actually recovered by the plaintiff at the end of the case. *See Taylor v. Sandoval*, 442 F.Supp 491, 494-95 (10th Cir. 1977); *Craig v. Champlin Petroleum Co*., 421 F.2d 236, 239-240 (10th Cir. 1970); *see also* 14AA Wright and Miller, *Federal Practice and Procedure* § 3702, at 80-91 (4th ed. 2009) ("Moreover, even if part of the plaintiff's claim is dismissed on a motion for summary judgment, thereby reducing the plaintiff's remaining claim below the requisite amount in controversy, the district court retains jurisdiction to adjudicate the balance of the claim.")

Here, TRAA wishes to treat ASTI's Motion for Partial Summary Judgment, the success of which would limit TRAA's recoverable amount to a sum less than that needed for federal jurisdiction, as binding on the issue of whether the amount in controversy requirement was satisfied when this action was removed. According to TRAA, ASTI's Motion for Partial

6

Summary Judgment demonstrates it believed, at the time it filed its Notice of Removal, that TRAA's recovery was limited to less than $75,000 as a matter of law, and as such, ASTI could not have asserted in good faith an amount in controversy exceeding $75,000 for the purpose of establishing diversity jurisdiction. ASTI's Motion may or may not be granted, however, and the uncertainty of the outcome alone is sufficient to deny TRAA's Motion for Remand. *See McPhail*, 529 at 955. In addition, TRAA's argument ties the merits of ASTI's Motion for Partial Summary Judgment to the issue of the "legal certainty" necessary for dismissal for lack of subject matter jurisdiction. When dismissal for lack of jurisdictional amount also constitutes a decision on the merits, courts should be reluctant to dismiss the case. *Gibbons v. Jeffers*, 479 F.2d 216, 220-2 (10th Cir. 1973). Finally, as indicated above, an entry of summary judgment in a removing party's favor that reduces the amount in controversy below the threshold amount does not necessarily strip the court of jurisdiction for the remaining claim(s) or mean that the court did not have jurisdiction to find on the summary judgment issue in the first instance. For each of these reasons, TRAA's Motion to Remand is unpersuasive.

In reaching the opposite conclusion, Judge Milburn agreed with TRAA that ASTI's assertions in its Motion for Partial Summary Judgment are irreconcilable with the good faith in removal requirement, therefore affording a basis for remand. The good faith standard, however, has never been applied in cases where, as here, plaintiff *concedes* more than $75,000 is at stake, and is seeking a remand not to vindicate a lack of federal jurisdiction, but only to bind defendant to its contrary assertion and to pursue claims otherwise justiciable in federal court in state court because that is where plaintiff wants to pursue those claims. That is not the purpose or import of *McPhail*.

### III. Conclusion

Based on the foregoing, I DECLINE to adopt the Recommendation of Magistrate Judge Milburn and DENY TRAA's Motion to Remand. While ASTI's original Notice of Removal was, in fact, defective under *Baker* at the time it was filed, ASTI has since met its burden of establishing by a preponderance of the evidence that the jurisdictional amount in controversy exists in this case. TRAA contends it is entitled to damages exceeding $75,000 and has maintained that position throughout the litigation. In effect, TRAA contests federal jurisdiction not because it agrees the amount in controversy is less than $750,000, but because ASTI, the removing defendant, asserts it is. TRAA vigorously opposes ASTI's Motion for Partial Summary Judgment arguing that the contractual cap is unenforceable and that it is entitled to a recovery of damages well above the statutory threshold. Federal jurisdiction exists on the facts established in the record to date and no contrary facts have been established or alleged that would divest me of it. Because amendment of the Notice of Removal is unnecessary under these circumstances, ASTI's alternative Motion for Leave to Amend (Doc. 65) is DENIED as MOOT. TRAA shall file its Response to ASTI's Motion for Partial Summary Judgment (Doc. 57) on or before June 30, 2010. ASTI's Reply, if any, is due on or before July 14, 2010. Magistrate Judge Milburn retains his referral to issue a recommendation on Doc. 57.

Dated June 17, 2010.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE